UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

RUSSELL BRADLEY,
     Plaintiff,

v.                          Case No.: 3:25cv1573/TKW/ZCB

BRUCE CAMACHO,
     Defendant.
_____/

## **REPORT AND RECOMMENDATION**

Plaintiff is proceeding *pro se* in this civil rights action.  Presently before the Court is Plaintiff's amended complaint.  (Doc. 7).  Upon a review of the amended complaint, the Court finds that it is an impermissible shotgun pleading.  Because Plaintiff previously submitted a shotgun pleading (Doc. 1) and was advised on how to cure such deficiencies (Doc. 6), this case should be dismissed.

## I. Discussion

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to contain "a short and plain statement of the claim" showing that the plaintiff is entitled to relief.  Fed. R. Civ. P. 8(a)(2).   And Rule 10(b) requires a plaintiff to "state its claims [] in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  Fed.

1

R. Civ. P. 10(b).  "A shotgun pleading is a complaint that violates either Federal Rule of Civil Procedure 8(a)(2) or Rule 10(b), or both." *Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).  Shotgun pleadings are "flatly forbidden." *Id.*  And district courts have the "authority to dismiss a shotgun pleading on that basis alone."[1] *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357 (11th Cir. 2018).

The Eleventh Circuit has explained that there are four types of shotgun pleadings: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) "a complaint that does not separate each cause of action or claim for relief into a different count"; and (4) "a

---

[1] The Court is permitted to review Plaintiff's complaint to determine if it is a shotgun pleading, regardless of Plaintiff's payment of the filing fee. *See Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) ("A district court has the inherent authority to control its docket and ensure the prompt resolution of lawsuits, which includes the ability to dismiss a complaint on shotgun pleading grounds.") (cleaned up); *see also Simon v. Pierre*, No. 24-CV-24469, 2025 WL 269188, at *2 (S.D. Fla. Jan. 7, 2025) ("Thus, even if a plaintiff is not seeking *in forma pauperis* status, the Court still has the authority to *sua sponte* dismiss a shotgun pleading complaint."), *adopted*, 2025 WL 263457 (S.D. Fla. Jan. 22, 2025).

complaint that asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Barmapov*, 986 F.3d at 1324-25 (cleaned up). What all four types of shotgun pleadings have in common is "that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1323 (11th Cir. 2015). And dismissing shotgun pleadings (or requiring a more definite statement) is necessary because "district courts have neither the manpower nor the time to sift through a morass of irrelevant facts in order to piece together" a plaintiff's claims. *Barmapov*, 986 F.3d at 1327-28 (Tjoflat, J., concurring).

Plaintiff's amended complaint falls into at least two of the shotgun pleading categories. First, it contains "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Barmapov*, 986 F.3d at 1325. It is difficult to decipher exactly what Plaintiff is claiming that Defendant did to violate the law. In the Statement of Facts section of the complaint form, Plaintiff states that he

is "a natural born citizen of the United States" and that he is "supposed to have CIVIL RIGHTS." (Doc. 7 at 4). Plaintiff references being "hit hard by a CSX freight train," which destroyed his car and "smashed [his] skull[.]" (*Id.* at 4-5). This incident left Plaintiff's skull "swollen the size of a basket ball[.]" (*Id.* at 5). Plaintiff then states "Excuse me but I'm pretty sure I am not supposed to be G****mn insulted by business owner Bruce Comacho and his employees" for how Plaintiff stands, walks, and talks. (*Id.*). Plaintiff references his doctor praising him "as miraculous" but that Defendant "uses his R.I.C.O. influence to keep [Plaintiff] trapped in Pensacola, in pain, in forma pauperis, and takes all of [Plaintiff's social security disability $." (*Id.*).

Other than these vague and hard to follow allegations, Plaintiff provides no factual detail as to the basis for this legal action against Defendant. *See Barmapov*, 986 F.3d at 1325-26 (finding a shotgun pleading where "the complaint . . . includes numerous vague and conclusory allegations" and provides little to no explanation in support of these allegations).

Second, the amended complaint "does not separate each cause of action or claim for relief into a different count." *Barmapov*, 986 F.3d at

1325 (internal quotations omitted). Instead, it is merely a jumbled conglomeration of conclusory assertions. Because of how the complaint is drafted, it is difficult—if not impossible—to determine just how many claims are being brought and what those claims are.

For example, in the Statement of Claims section of the amended complaint, Plaintiff writes: "Defendant sucks! Defendant is apostate, reprobate-minded greed driven recidivist. Just send Marshalls to summon the malefactor and your honor and jurors will see so 20/20." (Doc. 7 at 6). Plaintiff, however, identifies no specific legal claims that he is asserting against Defendant. The same is true regarding the Relief Requested section of the amended complaint, where Plaintiff writes: "Feel like I'm about to die. $2,000,000 dollars." (*Id.*).

For these reasons, Plaintiff's amended complaint is a shotgun pleading. It fails "to give the defendant[] adequate notice of the claims against [him] and the grounds upon which each claim rests." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018). The Court recognizes that Plaintiff is proceeding *pro se* and that *pro se* pleadings are "liberally construed." *Nalco Co. LLC v. Bonday*, 142 F.4th 1336, 1341 (11th Cir. 2025). But *pro se* litigants are still "required to conform to

procedural rules." *Roy v. Ivy*, 53 F.4th 1338, 1346 (11th Cir. 2022). And a court is not tasked with rewriting a deficient pleading, even if brought by a *pro se* party. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

Plaintiff was advised that his initial complaint (Doc. 1) was a shotgun pleading and warned that a failure to correct the identified deficiencies would result in a recommendation of dismissal. (Doc. 6). Nonetheless, Plaintiff has filed an amended complaint that suffers from the same type of deficiencies as the initial complaint. Thus, dismissal is warranted.[2] *See Jackson*, 898 F.3d at 1358 (explaining that the district court should "give the plaintiff one chance to remedy such deficiencies" before dismissing the complaint as a shotgun pleading); *see also Vibe Micro,* 878 F.3d at 1296 (affirming dismissal of a shotgun pleading after the court provided the plaintiff with an opportunity to file an amended complaint); *Cornelius v. Bank of Am., NA*, 585 F. App'x 996, 1000 (11th

---

[2] Aside from being a shotgun pleading, Plaintiff's amended complaint appears not to provide a basis for federal subject matter jurisdiction. The amended complaint does not identify any federal law that Defendant allegedly violated. Thus, there does not appear to be a basis for federal question jurisdiction under 28 U.S.C. § 1331. Moreover, it appears from the information provided in the amended complaint that both Plaintiff and Defendant are residents of Florida. Thus, there does not appear to be a basis for diversity jurisdiction under 28 U.S.C. § 1332.

Cir. 2014) ("There is no indication that, given a third bite at the apple, [Plaintiff] would correct the numerous deficiencies in his complaint.").

## II. Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1.    Plaintiff's amended complaint (Doc. 7) be **DISMISSED** as an impermissible shotgun pleading.

2.    The Clerk of Court be directed to enter judgment and close this case.

At Pensacola, Florida, this 16th day of October 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

### Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.  An objecting party must serve a copy of the objections on all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.